UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON DENISE JONES,

        Plaintiff,

v.

U.S. DEPARTMENT OF EDUCATION,
WAYNE STATE UNIVERSITY, PIONEER
CREDIT RECOVERY, INC., APRIL
EWING-MILES, and ARNE DUNCAN,

        Defendants.
_____/

Case Number 15-10171
Honorable David M. Lawson
Magistrate Judge Anthony P. Patti

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS,
GRANTING DEFENDANTS' MOTIONS TO DISMISS AND FOR
SUMMARY JUDGMENT, AND DISMISSING CASE**

Plaintiff Sharon Denise Jones filed a lengthy complaint that sought to challenge certain efforts by the defendants to collect delinquent student loans that the plaintiff incurred while attending the Wayne State University Law School in Detroit, Michigan. The Court referred this case to Magistrate Judge Anthony P. Patti for pretrial management. Thereafter, the defendants filed various motions to dismiss. Judge Patti filed a report recommending that the motions be denied without prejudice and the plaintiff be given an opportunity to file an amended complaint, so that she could cure several defects in her pleading, which the magistrate judge outlined in detail. The plaintiff filed an amended complaint. The defendants once again responded with motions to dismiss. Defendants Wayne State University and April Ewing-Miles filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendants United States Department of Education and Arne Duncan filed a motion to dismiss under Rule 12(b)(6) and for summary judgment under Rule 56; and defendant Pioneer Credit Recovery, Inc. filed a motion to dismiss under Rule 12(b)(6).

Judge Patti filed a report on February 12, 2017 recommending that all the motions be granted and the plaintiff be denied another opportunity to amend her complaint further. The report, which runs 51 pages, discusses the 20-page amended complaint in great detail. The amended complaint contains a few facts, several conculsory statements, and some citations of legal authority. But it does not state any causes of action specifically, and it is not divided into counts. Nor does it allege particularized wrongdoing against individual defendants.

The magistrate judge bravely attempted to deconstruct the statements in the amended complaint and map them onto possible causes of action. He understood the plaintiff to be complaining about the involuntary application of certain of her tax refunds to her student loan obligations, her perceived lack of an effective forum to challenge the fact and amount of the debt, and that the defendants waited too long to enforce the debt. With generous indulgence, he identified possible causes of action, and then explained why the facts he could extract from the amended complaint would not support those potential claims. Ultimately, the magistrate judge concluded that the amended complaint failed to state any viable claims, and allowing plaintiff yet another chance to amend her complaint would be futile.

The plaintiff filed objections on February 27, 2017. But the objections do not take issue with any specific finding by the magistrate judge. Instead, the plaintiff acknowledges that she is "medically unable to plead and litigate her claims to a standard that would satisfy the court." She then asks the Court to "allow her to provide documentation of those disabilities from medical physicians, and appoint to Plaintiff counsel rather than dismiss the case." She also asks "de novo review of the Report and Recommendation."

The Court sees no basis to appoint counsel. "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). The plaintiff has offered no convincing reason why the Court should exercise its discretionary power at this time. She is a law school graduate and, in fact, a member of the Bar. Despite her failure to take her cues from the magistrate judge's previous report that provided critical advice for amending her complaint, she has not exhibited any deficit that would prevent her from pursuing her own claims.

It is true that objections to a report and recommendation are given fresh review. 28 U.S.C. § 636(b)(1). But "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

As the Sixth Circuit has explained, "[t]he filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981), enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'"

*McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The plaintiff has not identified any part of the report and recommendation with which she finds fault. The Court has reviewed the amended complaint, the motions and response, and the report and recommendation, and finds that the plaintiff has not stated any claims in her amended complaint for which relief can be granted. Because the plaintiff has failed to object to the report and recommendation in any meaningful way, she has not persuaded the Court that it should upset the recommendation to dismiss her case for failure to state a claim.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #48] is **ADOPTED**, and the plaintiff's objections [dkt. #49] are **OVERRULED**.

It is further **ORDERED** that the motion to dismiss by defendants Wayne State University and April Ewing-Miles [dkt. #30] is **GRANTED**.

It is further **ORDERED** that the motion for summary judgment by defendants United States Department of Education and Arne Duncan [dkt. #41] is **GRANTED**.

It is further **ORDERED** that defendant Pioneer Credit Recovery, Inc.'s motion to dismiss [dkt. #43] is **GRANTED**.

It is further **ORDERED** that case is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 6, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 6, 2017.

s/Susan Pinkowski
SUSAN PINKOWSKI